UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL BURRUEL, III,<br><br>        Plaintiff,<br><br>   v.<br><br>ROB BONTA,<br><br>        Defendant. | Case No. 1:22-cv-00116-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED<br><br>(ECF No. 1)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

Manuel Burruel, III ("Plaintiff"), is a civil detainee proceeding *pro se* and *in forma pauperis* with this action. Plaintiff filed the complaint commencing this action on January 18, 2022. (ECF No. 1). Plaintiff generally alleges that he is being held as a civil detainee in violation of the constitution. Plaintiff also complains that certain individuals fabricated evidence that has been used to keep Plaintiff detained.

The Court screened the complaint and found that, as to Plaintiff's claims challenging the validity of his civil commitment and seeking release, Plaintiff must challenge his civil commitment through the appeals process (if available) or a petition for writ of habeas corpus (if available). (ECF No. 11, p. 12). As to the remainder of Plaintiff's claims, the Court found that they fail because Plaintiff's complaint does not comply with Federal Rule of Civil Procedure

8(a). (Id.).

The Court gave Plaintiff leave to file a First Amended Complaint to cure the deficiencies identified by the Court. (Id. at 12-13). The Court also gave Plaintiff the option of standing on his complaint, subject to the Court issuing findings and recommendations to a district judge recommending dismissal consistent with the screening order. (Id.).

On April 29, 2021, Plaintiff filed a notice, notifying the Court that he wants to stand on his complaint. (ECF No. 13). Accordingly, for the reasons set forth below, the Court recommends that this action be dismissed.

Plaintiff has fourteen days from the date of service of these findings and recommendations to file his objections.

**I.   SCREENING REQUIREMENT**

As Plaintiff is proceeding *in forma pauperis* (ECF No. 10), the Court screens the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal

pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff's complaint includes approximately two pages of factual allegations. Plaintiff alleges that he was released from prison on June 5, 1997, having been found to not meet the criteria of a Sexually Violent Predator ("SVP"). He discharged parole on June 5, 2001.

In early 2002 he pled guilty to receiving stolen property, and he was given a sixteen-month sentence. He was screened under the Sexually Violent Predator Act again, and despite having lived safely in the community for years, was found to meet the criteria of an SVP.

Plaintiff has been held involuntarily for nearly twenty years, despite the fact that the State has not provided proof of "lack of control," "current dangerousness," or "mental illness." The State used his discharge crimes alone to do so.

In 2002, SVP evaluators fabricated male child victims, current dangerousness, and mental illness. The District Attorney's office entered their evaluations as evidence to support a civil commitment action, constituting fraud on the court. Probable cause was found on the SVP petition.

During the trial, the parties stipulated that there were no male child victims. Despite being in custody for receiving stolen property (a non-sex related offense), Plaintiff was committed as an SVP on February 20, 2004. Plaintiff's recommitment hearing was supposed to be conducted by February 20, 2006, but he was not taken to trial until December of 2015.

Instead of a recommitment hearing, a "probable cause" was conducted in 2006, 2008, 2010, 2012, and 2014. Each probable cause was found on evaluations containing fabricated male child victims, current dangerousness, and mental illness. Again, this constituted fraud on the court. The result was that Plaintiff was recommitted on December 15, 2015.

Once a year, Plaintiff is reevaluated and Plaintiff has shown and told the yearly evaluators that they need to recommend his release if he is neither currently dangerous nor mentally ill. Plaintiff has shown them that he is there for receiving stolen property and so was not dangerous or mentally ill when this started, and he asked how he could possibly be so now.

The evaluators say that Plaintiff must show a change of circumstance before he can be released.

Plaintiff has stated to the state's evaluators that he was found to not meet the criteria for an SVP in 1997 and released. From that time until his current custody for receiving stolen property, Plaintiff was not at any time dangerous and did not sexually reoffend. So, the only change of circumstance Plaintiff could possibly show would be that he would be dangerous and reoffend in a sexually violent and predatory manner if released. This is absurd and unreasonable.

Plaintiff was trying to use the Administrative Procedure Act to get the California Department of State Hospitals to change their yearly evaluation rules to require a finding of current dangerousness and mental illness when he discovered that he accidently bought the Federal Rules of Civil Procedure instead of the Code of Civil Procedure. Having read the Federal Rules of Civil Procedure, Plaintiff discovered that he could challenge a statute's constitutionality, since he has been denied due process at every turn.

After these factual allegations, Plaintiff lists twenty constitutional questions, and includes legal arguments. Plaintiff then lists his requested relief, including that "the court hold that the Plaintiff has been held involuntarily for nearly twenty (20) years, neither legally nor lawfully," and asks to be released "forthwith." (ECF No. 1, p. 32).

After his request for relief, Plaintiff lists numerous criminal laws that he believes have been violated. After that Plaintiff lists the names of numerous individuals, including judges, district attorneys, public defenders, and evaluators. Plaintiff appears to allege that he is seeking damages against these individuals.

Overall, Plaintiff's complaint is forty-two pages and lists approximately fifty individuals (and the list is not exhaustive). Plaintiff also attaches approximately fifteen pages of exhibits.

**III.   ANALYSIS OF PLAINTIFF'S COMPLAINT**

   A.  Section 1983

The Civil Rights Act provides:

Every person who, under color of any statute, ordinance, regulation, custom, or

> usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. County of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark County Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S.

658, 691, 695 (1978).

Supervisory personnel are not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between the supervisory defendant and the claimed constitutional violation must be specifically alleged. Iqbal, 556 U.S. at 676-77; Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under section 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants either: were personally involved in the alleged deprivation of constitutional rights, Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); "knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation," Hansen, 885 F.2d at 646 (citations and internal quotation marks omitted).

For instance, a supervisor may be liable for his or her "own culpable action or inaction in the training, supervision, or control of his [or her] subordinates," "his [or her] acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (citations, internal quotation marks, and brackets omitted).

### B. Plaintiff Cannot Challenge the Validity of His Civil Commitment in a Section 1983 Action

"[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. He must seek federal habeas corpus relief (or appropriate state relief) instead." Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (citations and internal quotation marks omitted).

In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence

was reversed, expunged, or otherwise invalidated. This preserves the rule that federal challenges, which, if successful, would necessarily imply the invalidity of confinement or its duration, must be brought by way of petition for writ of habeas corpus, after exhausting appropriate avenues of relief. Muhammad v. Close, 540 U.S. 749, 750-751 (2004). Accordingly, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson, 544 U.S. at 81-82. This rule applies to civil detainees who are challenging their civil commitment. Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1139-40 (9th Cir. 2005).

Plaintiff is asking the Court to find that he has been held illegally for twenty years and to grant him immediate release. Thus, in at least some of his claims, Plaintiff is challenging the validity of his civil commitment. However, Plaintiff is barred from challenging the validity of his civil commitment in this section 1983 action.[1] If Plaintiff wants to challenge the validity of his civil commitment, "[h]e must seek federal habeas corpus relief (or appropriate state relief)...." Dotson, 544 U.S. at 78. If Plaintiff's appeals or habeas challenge are successful, he may then bring his claims pursuant to section 1983.

### C. Federal Rule of Civil Procedure 8(a)

As set forth above, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint is not required to include detailed factual allegations, it must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). It must also contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, Plaintiff must demonstrate that each named defendant

---

[1] As discussed below, Plaintiff has repeatedly stated that this is not a section 1983 action.

personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77.

A court may dismiss a complaint for failure to comply with Rule 8(a) if it is "verbose, confusing and conclusory." Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981); Brosnahan v. Caliber Home Loans, Inc., 765 F. App'x 173, 174 (9th Cir. 2019). Additionally, a court may dismiss a complaint for failure to comply with Rule 8(a) if it is "argumentative, prolix, replete with redundancy, and largely irrelevant." McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

As to the remainder of Plaintiff's claims, the Court finds that Plaintiff's complaint violates Federal Rule of Civil Procedure 8(a). Plaintiff's complaint is forty-two pages and lists approximately 50 individuals (and the list is not exhaustive). Plaintiff originally states that he is bringing this action to challenge the constitutionality of a statute, but then also alleges that numerous individuals have violated the law. Additionally, Plaintiff does not include any factual allegations regarding the vast majority of the named individuals. Finally, Plaintiff does not list the claims he is bringing, the facts supporting those claims, and the defendant(s) Plaintiff is bringing his claims against. Instead, Plaintiff includes twenty constitutional questions, along with unnecessary legal arguments. Accordingly, Plaintiff has not provided a short and plain statement of the claims he is bringing.

In addition to the above, it is not clear what type of action Plaintiff is bringing. The Court construed this as a civil rights action filed pursuant to 42 U.S.C. § 1983. However, on February 24, 2022, Plaintiff filed a motion for clarification, asking the Court to issue an order clarifying that this action was filed pursuant to Federal Rule of Civil Procedure 5.1, not section 1983. The Court then informed Plaintiff that Federal Rule of Civil Procedure 5.1 does not create an independent cause of action (ECF No. 12, pgs. 8-9),[2] but Plaintiff continues to assert

---

[2] Federal Rule of Civil Procedure 5.1 is a rule of civil procedure, and it explains the procedure that a plaintiff, and the Court, must follow in actions that challenge the constitutionality of a federal or state statute. There is no indication that it creates an independent cause of action. It states:

(a) NOTICE BY A PARTY. A party that files a pleading, written motion, or other paper drawing into question the constitutionality of a federal or state statute must promptly:

(1) file a notice of constitutional question stating the question and identifying the paper that raises it, if:

that he is bringing this action under Federal Rule of Civil Procedure 5.1 and not section 1983. (ECF No. 13, p. 2).

Given that Federal Rule of Civil Procedure 5.1 does not create an independent cause of action, given Plaintiff's assertion that he is not bringing a section 1983 action, and given that Plaintiff is challenging the validity of his civil commitment, it is not clear what type of action Plaintiff is attempting to bring (as discussed above, a plaintiff cannot challenge the validity of his confinement in a section 1983 action).

Accordingly, the Court finds that Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8(a).

### IV.     CONCLUSION, RECOMMENDATIONS, AND ORDER

The Court finds that, as to Plaintiff's claims challenging the validity of his civil commitment and seeking release, Plaintiff must challenge his civil commitment through the appeals process (if available) or a petition for writ of habeas corpus (if available). (ECF No. 11, p. 12). As to the remainder of Plaintiff's claims, the Court finds that they fail because Plaintiff's complaint does not comply with Federal Rule of Civil Procedure 8(a). The Court provided Plaintiff with applicable legal standards, explained why Plaintiff's complaint failed to

---

(A) a federal statute is questioned and the parties do not include the United States, one of its agencies, or one of its officers or employees in an official capacity; or

(B) a state statute is questioned and the parties do not include the state, one of its agencies, or one of its officers or employees in an official capacity; and

(2) serve the notice and paper on the Attorney General of the United States if a federal statute is questioned—or on the state attorney general if a state statute is questioned—either by certified or registered mail or by sending it to an electronic address designated by the attorney general for this purpose.

(b) CERTIFICATION BY THE COURT. The court must, under 28 U.S.C. §2403, certify to the appropriate attorney general that a statute has been questioned.

(c) INTERVENTION; FINAL DECISION ON THE MERITS. Unless the court sets a later time, the attorney general may intervene within 60 days after the notice is filed or after the court certifies the challenge, whichever is earlier. Before the time to intervene expires, the court may reject the constitutional challenge, but may not enter a final judgment holding the statute unconstitutional.

(d) NO FORFEITURE. A party's failure to file and serve the notice, or the court's failure to certify, does not forfeit a constitutional claim or defense that is otherwise timely asserted.

Fed. R. Civ P. 5.1.

state a claim, and gave Plaintiff leave to file a First Amended Complaint, but Plaintiff chose to stand on his complaint. Accordingly, the Court finds that granting further leave to amend would be futile.

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action be dismissed; and
2. The Clerk of Court be directed to close the case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated:  **May 2, 2022**　　　　　　　　　　/s/ Erica P. Grosjean
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE