UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL BURRUEL, III,<br><br>        Plaintiff,<br><br>    v.<br><br>ROB BONTA,<br><br>        Defendant. | No.  1:22-cv-00116-ADA-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION<br><br>(ECF Nos. 1, 15) |

Plaintiff Manuel Burruel, III is a civil detainee proceeding pro se and in forma pauperis. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 3, 2022, the Magistrate Judge issued findings and recommendations recommending dismissal of this action.  (ECF No. 15 at 10.)  Plaintiff filed objections to the findings and recommendations on May 26, 2022.  (ECF No. 18.)  Specifically, Plaintiff argues that his complaint makes a constitutional challenge pursuant to Federal Rule of Civil Procedure 5.1, rather than 42 U.S.C. § 1983 as the Magistrate Judge contends.  (*Id.* at 2.)  Additionally, he argues that, contrary to the Magistrate Judge's ruling, his attack on the validity of California Welfare & Institutions Code section 6600 et seq. does not challenge the validity of his commitment.  (*Id.* at 1.)  Rather, he states, "It is coincidental that if the Constitutional Questions submitted by the Plaintiff, if answered, would invalidate his Civil Commitment."  (*Id.*)

1

First, the Court reiterates what the Magistrate Judge stated in the findings and recommendations: Federal Rule of Civil Procedure 5.1 is not a vehicle for vindicating federal rights. (*See* ECF No. 15 at 8.) Rather, it is a rule of procedure that requires parties challenging the constitutionality of a statute – whether through a claim pursuant to 42 U.S.C. § 1983 or otherwise – to include a notice identifying the constitutional question at issue and to inform the state attorney general of the challenge. Fed. R. Civ. P. 5.1(a)(1)–(2). The only procedural right Rule 5.1 creates is one that permits a state attorney general to intervene in a lawsuit to defend the constitutionality of a state statute. *Id.* 5.1(c). The Magistrate Judge, therefore, properly analyzed Plaintiff's claims as if he brought them pursuant to § 1983.

Second, Plaintiff admits in his objections that a finding of unconstitutionality in this case would result in his release from detention. (ECF No. 18 at 1; *see also* ECF No. 13 at 3–4.) Prior to initiating a civil action that "necessarily require[s] the plaintiff to prove the unlawfulness of his conviction or confinement," a plaintiff must first "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *see also Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1142 (9th Cir. 2005) (applying *Heck* to California SVP commitments). The reason for this rule is to prevent litigants from circumventing the strict procedural requirements of the federal habeas corpus statute. *See Huftile*, 410 F.3d at 1139. The fact that Plaintiff's release would be "coincidental" if he prevails in this action is, therefore, precisely what prevents this Court from entertaining his claim. (*See* ECF No. 18 at 1.)

In accordance with 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of the case. Having carefully reviewed the entire file, the Court concludes that the Magistrate Judge's findings and recommendations are supported by the record and proper analysis.

///

///

///

///

Accordingly,

1. The findings and recommendations issued on May 3, 2022, (ECF No. 15), are adopted in full;
2. This action is dismissed; and
3. The Clerk is directed to terminate any pending motions and close this case.

IT IS SO ORDERED.

Dated:   December 20, 2022

UNITED STATES DISTRICT JUDGE